UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Unula Boo Shawn Abebe, *also known as Unula B. Abebe*, | ) C/A No. 5:13-635-DCN-KDW ) ) |
| Plaintiff, | ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Nikki Haley; Priscilla L. Tanner; Edward E. Duryea; G. Carlton Manley; JB Holeman; Jonathan H. Burnett; Richard H. Fitzgerald; Herbert R. Hayden; Robert M. Peele, III, | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff, Unula Boo Shawn Abebe, also known as Unula B. Abebe ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC"), in Pelzer, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 - 1968 ("RICO") seeking monetary damages and Defendants' "civil arrest under S.C. Code 15-17-20(6) and Rule 64 Fed. R. Civ. P." Compl. 4, ECF No. 1. Plaintiff alleges that each Defendant is being sued in his or her individual capacity for "engaging in a pattern of racketeering and corrupt activity, connected to the conduct and control of an enterprise (their public offices)." *Id.* Plaintiff also asserts a claim for "the state tort of gross negligence and intentional infliction of emotional distress." *Id.* The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

I.  Background

    A.  Plaintiff's Allegations

Plaintiff files the instant Complaint against Defendant Haley, the Governor of the State of South Carolina; Defendant Peele, an attorney with the Office of General Counsel of the South Carolina Department of Corrections ("SCDC"); and Defendants Tanner, Duryea, Manley, Holeman, Burnett, Fitzgerald, and Hayden, all of whom are Commissioners of the South Carolina State Ethics Commission. Plaintiff alleges that, on April 23, 2010, he filed a civil action against SCDC's Grievance Coordinator Lesia Johnson in Bishopville, South Carolina's magistrate court, suing Johnson in her individual capacity and seeking $7,500.00 for Johnson's allegedly corrupt conduct. Plaintiff alleges that Defendant Peele represented Johnson in that civil action, appearing in magistrate court and then in the South Carolina circuit court, where Plaintiff's action was dismissed. Plaintiff alleges that Defendant Peele's court appearances on behalf of Johnson, his fellow SCDC employee, violated S.C. Code Ann. § 8-13-740(A)(1), which "prohibits Defendant Peele from representing Ms. Johnson unless otherwise required by law." Compl. 2, ECF No. 1. Plaintiff alleges that South Carolina law only authorizes Defendant Peele "to represent Ms. Johnson before the Administrative Law Court and appeals to higher courts arising from an Admin. Law Court case." *Id.* Plaintiff alleges that, because "Ms. Johnson's personal finances were in jeopardy, Defendant Peele['s] using his position to protect her finances violated S.C. Code 8-13-700(B)." *Id.* Plaintiff alleges that he argued this point in his civil action in the Lee County courts to no avail so, thereafter, he "filed a[n] ethics complaint at the S.C. State Ethics Commission . . . In the Matter of Robert M. Peele III compliant no. C2011-032 ." *Id.* Plaintiff alleges that Defendants Tanner, Duryea, Manley, Holeman, Burnett, Fitzgerald, and Hayden "dismissed the Ethics Complaint," because "[t]hey

2

concluded . . . that defendant Peele was employed at S.C.D.C. and since Ms. Johnson is also a[n] employee of S.C.D.C., defendant Peele could represent Ms. Johnson in the civil action that [Plaintiff] filed against her." *Id.* Plaintiff alleges that Defendants Tanner, Duryea, Manley, Holeman, Burnett, Fitzgerald, and Hayden "further concluded that . . . to determine otherwise would prohibit any government attorney from representing any other employee of the same agency involving an action in their official capacity," and that Plaintiff "failed to indicate any economic interest of defendant Peele when he moved the Magistrate Court to dismiss [Plaintiff's] civil actions." *Id.* at 2-3. Plaintiff alleges that "[a]s a result of their finding, they dismissed my complaint against defendant Peele and ordered that the matter be referred to the Office of the Attorney General for criminal prosecution of [Plaintiff] pursuant to [S.C. Cod Ann. §] 8-13-320(9)(c), which made [Plaintiff] feel sad and angered." *Id.* Plaintiff alleges that Defendant Haley "as governor . . . is responsible for the supervision of the other defendants and the S.C. Dept. of Corrections," and she "was not properly superintending the discharge of her subordinate[']s duties, which made [Plaintiff] feel sad and angered." *Id.*

Plaintiff alleges that Defendant Peele violated state and federal law and Plaintiff's due process rights by using his position at SCDC to have Plaintiff's action against his fellow employee dismissed. Plaintiff alleges that Defendants Tanner, Duryea, Manley, Holeman, Burnett, Fitzgerald, and Hayden "rendered aid and abetted defendant Peele in his RICO acts when they used their offices to protect defendant Peele from punishments established by Congress in 8-13-10 et seq. when they dismissed [Plaintiff's] ethics complaint illegally and threaten[ed Plaintiff] with criminal prosecution." *Id.* Plaintiff alleges that Defendant Haley "conducted the affairs of an enterprise[,] her public office, through a pattern of racketeering activity stated above, when she, by her own

neglect allowed her subordinates to engage in RICO activity when she failed to properly superintend the discharge of the other defendants['] duties of enforcing the S.C. Ethics laws." *Id.* at 4. Plaintiff also alleges that the "Defendants wilfully violated the law with the intention of inflicting emotional distress upon [Plaintiff]." *Id.*

    B.    Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319.

4

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

II.     Discussion

Plaintiff's civil RICO claim fails as a matter of law because the Complaint does not properly allege the elements of a RICO violation. A plaintiff seeking civil damages under RICO must allege and prove four elements: "(1) conduct [causing injury to business or property], (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1995). Plaintiff alleges only personal injuries and RICO is not available for the redress of purely personal injuries. *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 644 (6th Cir. 1986); *In re A.H. Robins Co.,* 88 B.R. 755, 762 (E.D. Va. 1988); *McMurtry v. Brasfield,* 654 F. Supp. 122 (E.D. Va. 1987); *Von Bulow v. Von Bulow,* 634 F. Supp. 1284, 1309 (S.D.N.Y. 1986). Importantly, a RICO claim may not be based on civil rights violations. *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997); *Risenhoover v. 3M Co.*, No. 07-4516, 2008 WL 141777, at *2 (D. Minn. Jan. 14, 2008). Rather, "[e]nacted to strengthen criminal and civil remedies against organized crime, RICO provides a

private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c); *see also McMurtry v. Brasfield*, 654 F. Supp. 1222, 1225 (E.D. Va. 1987) (dismissing RICO claims for emotional distress and interference with family relations, reasoning that such injuries are not injuries to business or property, but are conventional claims for personal injury to which the civil RICO provision does not apply).

To the extent that Plaintiff's Complaint alleges a claim for intentional infliction of emotional distress under state law, the court should decline to exercise supplemental jurisdiction over it, as the underlying federal claim fails. *See* 28 U.S.C. § 1367(c).

III.    Recommendation

For the reasons discussed above, the undersigned recommends that the Complaint be summarily dismissed, without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 30, 2013                                              Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).